UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-0234 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Deandre Lenier Neal-Hill, | |
| Defendant. | |

---

This matter is before the Court on Defendant Deandre Lenier Neal-Hill's *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. 70.)  For the reasons addressed below, Neal-Hill's motion is denied.

## BACKGROUND

In February 2022, Neal-Hill pled guilty to Count One of the indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  The plea agreement included two relevant provisions: (1) a four-level enhancement under United States Sentencing Guidelines Section 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense (possession with intent to distribute controlled substances), and (2) a three-level decrease for acceptance of responsibility under United States Sentencing Guidelines Section 3E1.1(a).  However, at the sentencing hearing, Neal-Hill objected to the four-level enhancement and the facts underlying the enhancement that were outlined in the plea agreement.  This Court then heard the parties' arguments as to whether Neal-Hill was entitled to the three-level reduction for acceptance of responsibility,

despite his objection to the four-level enhancement in the plea agreement. Based on the record in this case and counsels' arguments, the Court found that Neal-Hill had not demonstrated acceptance of responsibility and, therefore, was not entitled to the three-level reduction pursuant to Section 3E1.1. This Court then sentenced Neal-Hill to 77 months' imprisonment, with 3 years of supervised release to follow. Neal-Hill did not appeal his sentence.

Neal-Hill now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel at sentencing. The Government opposes Neal-Hill's motion.

## ANALYSIS

A federal prisoner may move to vacate a conviction or sentence "for jurisdictional and constitutional errors" or fundamental errors of law that inherently result in "a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks omitted). A pro se litigant's filings are liberally construed and held to less stringent standards than filings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But it is the defendant's burden to establish that Section 2255 relief is warranted. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004); *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970).

### I.     Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. When evaluating the reasonableness of defense counsel's conduct, courts apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Counsel's "strategic choices" executed after a thorough investigation of the relevant law and facts "are virtually unchallengeable." *Id*. at 690. "In order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Neal-Hill argues that his counsel was ineffective for five reasons:

1. Counsel was ineffective for advising that if Neal-Hill objected to the four-level enhancement under Section 2K2.1(b)(6)(B) that he previously admitted to in his plea agreement, he would not lose the three-level decrease for acceptance of responsibility under Section 3E1.1(a);

2. Counsel was ineffective for failing to object to the government's finding that Neal-Hill breached the plea agreement;

3. Counsel was ineffective for failing to object to the Government's breach of the plea agreement;

4. Counsel was ineffective for failing to raise the issues of breach of the plea agreement on direct appeal; and

5. Counsel was ineffective for failing to object to the sentencing court's denial of the three-level reduction for acceptance of responsibility without making findings of fact and ruling on those findings.

Each argument is addressed in turn.

First, Neal-Hill alleges that his counsel was ineffective because his counsel erroneously advised Neal-Hill that if he objected to the four-level enhancement under Section 2K2.1(b)(6)(B) previously acknowledged in his plea agreement, Neal-Hill would not lose the three-level reduction for acceptance of responsibility under Section 3E1.1(a).

The record contradicts Neal-Hill's argument. Neal-Hill understood that if he continued to challenge the four-level enhancement, he might lose the three-level reduction. In its sentencing memorandum, the United States informed Neal-Hill that his sentencing position on the four-level enhancement was at "odds with Mr. Neal-Hill's requirement under the plea agreement to engage in no conduct inconsistent with acceptance and to testify truthfully at sentencing in order to receive a reduction of 2 or 3 levels." Additionally, after Neal-Hill contested the factual basis of the enhancement in his sentencing memorandum, the United States responded and again informed Neal-Hill that he must clarify his position regarding the four-level enhancement to determine whether he is entitled to credit for acceptance of responsibility. Moreover, at the sentencing hearing, Neal-Hill's attorney acknowledged that he advised Neal-Hill that "rehashing" the four-level enhancement could result in Neal-Hill "losing the acceptance of responsibility" reduction.

4

Neal-Hill's attorney and the attorney for the United States repeatedly warned Neal-Hill that challenging the four-level enhancement may result in Neal-Hill losing the three-level reduction for accepting responsibility. Accordingly, counsel's representation did not fall below an objective standard of reasonableness. Because counsel's representation did not fall below an objective standard of reasonableness, the Court need not reach the prejudice requirement.

Second, Neal-Hill argues that his counsel was ineffective because he failed to object to the Government's position that Neal-Hill "breached"[1] the plea agreement and to the Government's "breach" of the plea agreement.

Pursuant to Section 3E1.1(a), the district court may apply the three-level reduction for acceptance of responsibility if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "A defendant who pleads guilty is not entitled to a downward acceptance-of-responsibility adjustment as a matter of right." *United States v. Tonks*, 574 F.3d 628, 632 (8th Cir. 2009) (quoting *United States v. Spurlock*, 495 F.3d 1011, 1015 (8th Cir. 2007)). Actions inconsistent with the defendant's guilty plea may outweigh such acceptance of responsibility. *United States v. Pipkin*, 304 F. App'x 468, 470 (8th Cir. 2008). Specifically, "a defendant who falsely denies, or frivolously contests, his relevant conduct has not accepted responsibility." *United States v. Bell*, 411 F.3d 960, 963 (8th Cir. 2005) (citation omitted); *see also United States v. Tonks*, 574 F.3d 628, 632 (8th Cir. 2009) ("district court was entitled to decline to find acceptance

---

[1] Although the Court is using the terminology Neal-Hill used, "breach," the Court makes no finding regarding whether either party "breached" the plea agreement.

of responsibility where, notwithstanding his previous admissions, [the defendant] expressly and unequivocally denied his factual guilt").

Neal-Hill's plea agreement states in relevant part:

> Acceptance of Responsibility. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b) provided the determined offense level is 16 or greater. Whether these reductions will be imposed shall be determined by the Court in its discretion. However, defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) defendant testifies truthfully during the change of plea and sentencing hearings; (2) defendant cooperates fully with the United States Probation Office in the pre-sentence investigation; and (3) defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

(Dkt. 31 at 5.)

Neal-Hill was never entitled to a three-level reduction for acceptance of responsibility. Rather, whether Neal-Hill received a three-level reduction for acceptance of responsibility was at the discretion of the Court. To receive that reduction, Neal-Hill was required to demonstrate that he accepted responsibility for his actions, including following the terms of the plea agreement. He did not do so. After his change-of-plea hearing, Neal-Hill consistently opposed the four-level enhancement and its factual basis. He objected to the four-level enhancement in the presentence investigation report ("PSR"). In his sentencing memorandum, Neal-Hill contested the factual basis for the enhancement. And at sentencing, his attorney repeatedly challenged the factual basis and argued that the four-level enhancement was not appropriate.

Regardless of how this Court characterizes the parties' change in position, Neal-Hill did not accept responsibility and was not entitled to the three-level reduction. There was no breach of the plea agreement. Neal-Hill, therefore, fails to establish that his attorney was ineffective for failing to object to the parties' alleged breaches. Additionally, counsel was not deficient for not appealing the issue. Accordingly, counsel's representation did not fall below an objective standard of reasonableness, and the Court need not reach the prejudice requirement.

Third, Neal-Hill argues that his counsel was ineffective because his counsel failed to object to the court's decision to deny him the three-level reduction for acceptance of responsibility. More specifically, Neal-Hill argues that the Court failed to make findings of fact pertaining to his objection to the four-level enhancement included in the PSR.

Federal Rule of Criminal Procedure 32(i)(3)(B) requires a court, for any controverted matter, to "rule on the dispute or determine the ruling is unnecessary because the matter will not affect sentencing." When a party objects to the PSR's factual allegations, the court must make findings by a preponderance of the evidence or disregard the objected to facts. *United States v. Webster*, 788 F.3d 891, 892 (8th Cir. 2015). A defendant's sworn statements made when entering a guilty plea "are accorded a great measure of finality" and constitute a formidable barrier when challenged in any subsequent collateral proceeding. *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988); *Blackedge v. Allison*, 431 U.S. 63, 74 (1977).

This Court did not rely on an objected portion of the PSR without making the necessary finding of fact. This Court relied on defendant's sworn statements in his plea

agreement to find by a preponderance of the evidence that he had admitted to the conduct that served as the basis for the four-level enhancement. The plea agreement that Neal-Hill signed expressly includes the Section 2K2.1(b)(6)(B) four-level enhancement in the guideline calculation and facts establishing the basis of the enhancement. *Id.* at 3. At his change of plea hearing, Neal-Hill also affirmed the agreement and the facts included in the agreement. Additionally, at the sentencing hearing, only after listening to the arguments of both parties, asking follow-up questions, and taking a recess to review such arguments, did this Court then announce its finding that Neal-Hill failed to accept responsibility for his actions and was not to receive the three-level reduction. (Dkt. 65 at 23-24.) ("Based on the record in this case and the arguments of counsel, I do find that Mr. Neal-Hill has not clearly demonstrated acceptance of responsibility of this offense.") This decision could only be based on the Court finding that Neal-Hill's admitted conduct in the plea agreement warranted the four-level enhancement included in the PSR.

Because Neal-Hill's admissions in his plea agreement are to be accorded a great measure of finality, and this Court made the necessary findings of fact regarding his eligibility to receive the three-level reduction for acceptance of responsibility, Neal-Hill's counsel was not ineffective for failing to object. Accordingly, counsel's representation did not fall below an objective standard of reasonableness, and the Court need not reach the prejudice requirement.

## II.     Certificate of Appealability

When a final order is issued in a Section 2255 proceeding, a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the

8

denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons addressed above, the Court concludes that Neal-Hill has not made a substantial showing of the denial of a constitutional right.  And no certificate of appealability shall be issued.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Deandre Lenier Neal-Hill's *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255, (Dkt. 70), is **DENIED.**

2. No certificate of appealability shall be issued.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 21, 2023          s/ Wilhelmina M. Wright
                                  Wilhelmina M. Wright
                                  United States District Judge