UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Deandre Lenier Neal-Hill, | Case No. 21-cr-0234 (WMW/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

---

This matter is before the Court on Deandre Lenier Neal-Hill's application to proceed *in forma pauperis* ("IFP"). (Dkt. 86.) Because the Court finds that Neal-Hill's appeal is taken in good faith and he is entitled to proceed IFP, the IFP application is granted subject to the requirements set forth below. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Prison Litigation Reform Act ("PLRA") governs prisoners' IFP applications. 28 U.S.C. § 1915(b). Although a prisoner granted IFP status is *not* excused from paying the court filing fee, a prisoner granted IFP status may pay the filing fee in installments rather than paying the entire amount in advance. *See id.*; *accord Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). At the outset of an appeal, a prisoner proceeding IFP pays an initial partial filing fee that is equal to "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month

period immediately preceding the filing of the . . . notice of appeal." 28 U.S.C. § 1915(b)(1). The remaining balance must be paid in installments through regular deductions from the prisoner's trust account. *Id.* Section 1915(b)(2). The prisoner must also provide "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal." *Id.* Section 1915(a)(2).

Neal-Hill's statement indicates that the amount of his average monthly deposits during the preceding six-month period was $21.60, and his average monthly balance during that period was approximately $21.60. Because the average monthly deposits equal the average monthly balance, Neal-Hill's initial partial filing fee for this appeal is 20 percent of $21.60, or $4.32. This initial partial filing fee is due immediately.

If Neal-Hill elects to pursue his appeal, the remaining balance of the appellate filing fee—$505—must be paid in later installments, and prison officials will be authorized to deduct funds from Neal-Hill's trust account as Section 1915(b)(2) provides. Regardless of the outcome of his appeal, Neal-Hill must pay this filing fee.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Neal-Hill's December 28, 2023 application to proceed *in forma pauperis* on appeal, (Dkt. 86), is **GRANTED**.

2. An initial partial filing fee for the appeal of $4.32 is due immediately.

3. Petitioner Deandre Lenier Neal-Hill must pay $500.68, the unpaid balance of the statutory filing fee for this appeal, in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the authorities at the institution where Neal-Hill is confined.

Dated: January 4, 2024

<u>s/ Wilhelmina M. Wright</u>
Wilhelmina M. Wright
United States District Judge